## EXEMPTION FROM EXECUTION UNDER THE STATUTE RELATING TO NECESSARIES.

Circuit Court of Cuyahoga County.

R. & G. DEACON v. RICHARD POWERS.

Decided, November 10, 1905.

*Attachment—Term "Necessaries" Defined.*

The word "necessaries" as used in the statute permitting the attachment of 10 per cent. of a debtor's personal earnings when the claim is for necessaries, means necessaries for the debtor or his family, and the personal earnings of a married man can not be attached on a claim for groceries furnished on his order to his mother with whom he boarded before his marriage.

*C. D. Frebolin,* for plaintiffs in error.
*John Brown,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is a proceeding in error seeking to reverse the judgment of the court of common pleas.

These plaintiffs sued the defendant before a justice of the peace and caused an attachment to be issued. The affidavit for the attachment sets out that the claim upon which the plaintiff brought suit was just and lawful; that he believes said plaintiff ought to recover thereon the sum of $30.42, and that the property sought to be attached is not exempt from execution; that said property is the personal earnings of the defendant; that the claim on which judgment is sought is for necessaries; that a

demand in writing for the excess over and above 90 per centum of the personal earnings of the defendant was made before bringing this action, which demand was not complied with as provided by statute. It is upon the ground that the claim upon which the suit was brought was for necessaries that attachment was issued by the justice, and it was for the personal earnings of the defendant.

The defendant moved to discharge the attachment and filed an affidavit in support of that motion. In that affidavit the defendant denies all and singular the statements and allegations contained in the affidavit of the plaintiff filed herein. Second, affiant says that the claim for which this action is brought is not for necessaries. Third, affiant says he is a resident of the state of Ohio and a married man living with his wife and the head and support of a family and that he is not the owner of a homestead in his own right or in the right of his wife, and that the money attached in this action is the personal earnings of affiant, earned by him within ninety days next preceding the commencement of this action, and does not amount to the sum of $150. Therefore, affiant selects, elects to take and demands that the money herein attached be set off to him in lieu of a homestead and for the necessary support of his family.

The justice overruled the motion to discharge the attachment and an appeal was taken to the court of common pleas, where the motion was sustained, and the case is brought here on error.

The bill of exceptions filed here shows the facts to be as follows:

Plaintiffs are grocers. At the time of the transaction herein, defendant was a single man, living with his widowed mother and sisters. Defendant had had an account with plaintiffs, which had been paid by an order on his employer. The mother was in the habit of ordering the goods. When the account sued on herein was begun, defendant with his mother came to plaintiff's store. Plaintiff refused to give credit to defendant without an order from defendant on his employer to be held as security. Defendant said he would not again give an unlimited order, but would give one for $25, which is all he would "stand for."

He gave such an order. Goods were furnished on his credit by plaintiff, the mother usually ordering the same. The goods were consumed by the family. The son lived with his mother but paid board to her. Defendant is now married, and attempt is made to subject by attachment his earnings, upon this claim as for necessaries.

If the goods furnished by plaintiff were *necessaries* in the sense in which that term is used in the statute (Sections 6489 and 5430, Revised Statutes), then the attachment should not have been discharged.

Under the facts of this case, were the goods necessaries in that sense? They were groceries, such goods as are ordinarily necessary for the support of a family, but this defendant had no family to support. He was an unmarried man, and, unless his mother was "destitute of means of subsistence and unable, either by reason of old age, infirmity or illness to support * * * herself," there was no legal obligation resting on him to support her (Section 7017-3, Revised Statutes). There is nothing in the agreed statement that she was in such condition. He was not the head of the family. He boarded with his mother, but he paid his board. His rights in this action are exactly what they would be if he had ordered these goods furnished to any other person than his mother. They were not necessaries for him, and the word necessaries, as used in the statute, means such things as are necessary for the debtor and his family. That being so, we hold that as to him these were not necessaries, and the attachment was properly discharged.

The judgment of the court of common pleas is affirmed.